IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
MIDLAND-ODESSA DIVISION

FILED
SEP 16 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>Plaintiff | §<br>§<br>§<br>§ |
| VS. | § CASE NO. MO-10-CV 112<br>§ |
| MIDLAND COMMUNITY DEVELOPMENT CORP.<br>Defendant | §<br>§<br>§<br>§ |

### PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

TO THE COURT:

PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), Plaintiff, files this as its Original Complaint and Request for Declaratory Judgment action against MIDLAND COMMUNITY DEVELOPMENT CORP. ("MCDC"), Defendant. In support of its Request for Declaratory Judgment, PIIC would show this court as follows:

### A. PARTIES

1. PIIC is an insurance company organized and existing under the laws of the State of Pennsylvania. PIIC has its headquarters and principal place of business in the State of Pennsylvania.

2. MCDC is a Domestic Non-profit Corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas. The most current address known for MCDC is 1410 N. Lamesa Rd., Midland, Texas 79701-2841. Service may be accomplished on this Defendant by serving its registered agent, David Diaz at 208 S. Marienfeld, Midland, Texas 79701-5113.

## B. JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), as Defendant is a citizen of a different state than Plaintiff and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

## C. VENUE

4. Venue is proper in the this judicial district pursuant to 28 U.S.C. §1391(a)(2), because all or a substantial part of the events or omissions giving rise to this claim occurred in Midland County, Texas. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1), as it is the judicial district in which Defendant resides.

## D. FACTS

5. MCDC claims that on April 11, 2009, its insured properties were damaged by a hailstorm event that caused roof damage that further resulted in interior damage to its properties.

6. An investigation requested by PIIC revealed that the alleged hailstorm event did not cause the damages alleged. Rather, the damages resulted from the conditions of the roofing including, but not limited to, the following:

(a) The ponding of water deteriorating the roofing and allowing rainwater to migrate through the roofing rusting the metal roof deck and resulting in water stains on the ceilings in the interior.

(b) Cracks/separations along the perimeter and seams, alligatoring, blistering and fishmouth openings resulting from the quality of materials and workmanship of the installation and/or repairs/replacement.

(c) Improper maintenance over the years in conjunction with the aging of the materials.

(d) The age of the metal roof panels, long term deterioration of the roof covering, improper repairs and the lack of maintenance over the years.

(e) Water entering at separations of roof edges, fishmouth openings of the seams, penetrations at protruding/raised nails and condensation at abandoned HVAC vents.

7.  PIIC issued policy No. PHPK354578, with effective dates from October 25, 2008 to October 25, 2009 (the "Policy"). PIIC would show that coverage does not exist under the PIIC Policy for the damages claimed by MCDC. The Policy provides, in pertinent part, the following:

**CAUSES OF LOSS - SPECIAL FORM (CP 10 30 10 00)**

**B.   Exclusions**

   2.  We will not pay for loss or damage caused by or resulting from any of the following:

   d. (1) Wear and tear;
      (2) Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
      (4) Settling, cracking, shrinking or expansion

   f. Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

   3.  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   c. Faulty, inadequate or defective:
      (1) Planning, zoning, development, surveying, siting;
      (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      (3) Materials used in repair, construction, renovation or remodeling; or
      (4) Maintenance;
      of part or all of any property on or off the described premises.

8.  Additionally, MCDC reported the claim on February 16, 2010, for a date of loss of April 11, 2009, ten (10) months after the loss occurred. The Loss Conditions Section of the Policy states the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 00 10 10 00)**

**E.   Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

    3.    **Duties In the Event of Loss or Damage**
        a.    You must see that the following are done in the event of loss or damage to Covered Property;
      (1)    Notify the police if a law may have been broken.
      (2)    Give us prompt notice of the loss or damage. Include a description of the property involved.
      (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.
      (4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
      (5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
      (6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
          Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
      (7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
      (8)    Cooperate with us in the investigation or settlement of the claim.

9.    The effect of these Policy terms, conditions, endorsements, and exclusions, either in concert or singularly, is to eliminate coverage under the Policy. Other terms and conditions of the Policy may also operate to restrict or eliminate coverage.

### E. COUNT 1 - DECLARATORY JUDGMENT

10.    PIIC seeks a Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57, for the purpose of determining a ripe, justiciable, and actual controversy between the parties.

11.    PIIC would show that there is no covered loss under the terms and provisions of the Policy.

12.    PIIC now seeks a declaration from this Court that no coverage exists for damages claimed by MCDC under the PIIC Policy No. PHPK354578 issued to MCDC.

## F. PRAYER

For these reasons, PIIC asks for judgment against MCDC for the following relief:

A. A Declaration that no coverage exists under PIIC policy number PHPK354578 arising out of the alleged hailstorm event;

B. Reasonable attorneys' fees;

C. Costs of court; and

D. Such other and further relief the court deems appropriate.

Respectfully submitted:

COKINOS, BOSIEN & YOUNG

By: _____
STEPHANIE O'ROURKE
Texas Bar No. 15310800
sorouke@cbylaw.com
10999 West IH-10, Suite 370
San Antonio, Texas 78230
Telephone: (210) 293-8700
Facsimile:  (210) 293-8733

*ATTORNEYS FOR PLAINTIFF, PHILADELPHIA INDEMNITY INSURANCE COMPANY*